DE LEÓN ET AL., PETITIONERS AND APPELLEES, v. BRUSI, MUNICIPAL JUDGE, RESPONDENT AND APPELLANT.

APPEAL from the District Court of Arecibo in *Certiorari* Proceedings.

No. 1223.—Decided May 18, 1915.

INJUNCTION—JURISDICTION.—A judge does not lose jurisdiction because an injunction is issued against the marshal of the court.

ID.—DEFECTIVE SURETY.—A judgment rendered on appeal setting aside the order for an injunction for the reason that the surety offered was defective has the effect of dissolving the injunction issued by virtue of said order.

ID.—CERTIORARI—DISOBEDIENCE OF INJUNCTION.—In case of disobedience of an order of injunction the court which granted it may order the arrest of, and impose a fine upon, the guilty party and make immediate restitution to the injured party. This being an adequate, speedy, and efficient remedy at law, a writ of *certiorari* does not lie.

The facts are stated in the opinion.

*Messrs. R. Agrait Aldea* and *José Martínez Dávila* for the appellant.

*Messrs. Rafael López Landrón* and *J. Gregory* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In an action of unlawful detainer brought by Eulogia Colón in the Municipal Court of Arecibo against Jesús de León Rosa judgment was rendered sustaining the action of unlawful detainer and ordering the eviction of the defendant.

When the marshal was about to execute the order Jesús de León Rosa and his wife obtained from the District Court of Arecibo an injunction enjoining the marshal from executing any act of eviction in the said action until another subsequent and contrary order should be entered in the case.

Matters remained thus for some months and until August 5, 1914, when Eulogia Colón filed a petition accompanied by a certificate issued by the Secretary of the District Court of Arecibo referring to the judgment rendered by this court on the 30th day of July preceding, disposing of the appeal which had been taken from the said order of injunction which

stayed the execution of the judgment of unlawful detainer. Thereupon the municipal court ordered the secretary to issue an *alias* writ of eviction in execution of the judgment of unlawful detainer on the ground that the injunction suspending the execution of the judgment had been vacated by this court and that the time fixed by law for its execution had expired. The said writ was executed and on August 7 Jesús de León Rosa and his wife, María de León Casanovas, filed in the district court a petition for a writ of *certiorari* against Alberto Brusi, Municipal Judge of Arecibo, for the purpose of having the said order set aside. The writ having been issued and served, the said judge filed a written answer and after the case had been heard the district court set aside the order of the municipal court of August 5, 1914, and ordered that the petitioning spouses be reinstated in the possession and tenancy of the property which was the subject-matter of the action of unlawful detainer, thus leaving things as they were at the time when the annulled order was made.

The appeal taken by the respondent municipal judge, Alberto Brusi, from that ruling is now before us for consideration.

We cannot agree with the district court that the order which it set aside was made by the municipal judge without jurisdiction. He had jurisdiction of the subject-matter and of the persons of the parties to the action of unlawful detainer and his jurisdiction was not in suspense, because the writ of injunction was not issued against nor served on him, but was directed to and served on the marshal and Eulogia Colón. Therefore that order was not void.

Moreover, when the Municipal Judge of Arecibo rendered his decision of August 5, taking notice of the order of injunction, he based it on the ground that the Supreme Court had vacated the injunction, as was shown by a certificate issued by the Secretary of the District Court of Arecibo and presented to him. This was really the case.

As may be seen from the case of *León* v. *Colón,* 21 P. R. R., 259, in disposing of the appeal taken by Eulogia Colón from the order staying the execution of the judgment of unlawful detainer which she had obtained against Jesús de León, we held that the injunction was proper, but that as it was granted on the condition of being executed upon the filing of a bond for $1,000 and the bond presented for this purpose was defective, the order appealed from should be set aside and another order made dissolving the injunction granted, with leave to the petitioners to file a new petition. In fact, our decision in that case had the effect of setting aside the order granting the injunction or at least of vacating the writ issued by virtue thereof; and inasmuch as security had to be given before the injunction should become effective, and the bond offered was defective, it is evident that the order staying the execution of the judgment of unlawful detainer was from that moment null and void, although we granted leave to the petitioners to file a new petition.

As a consequence of this, unless such leave were taken advantage of by the filing of a new petition for injunction and the presentation of valid security, the former writ could not have the effect of staying the execution of the judgment, therefore Eulogia Colón was justified in again applying for an order of eviction, as was also the municipal judge in making the order and the marshal in executing the same, and it was not necessary to wait for another order from the district court, as stated in the order of injunction, because a court superior to the District Court of Arecibo had already set aside the order of injunction suspending the execution of the judgment of unlawful detainer.

Furthermore, in case of disobedience of an order of injunction the court which granted it may order the arrest of, and impose a fine upon, the guilty party and make immediate restitution to the injured party. This being an adequate, speedy, and efficient remedy at law, a writ of *certiorari* did not lie.

For the foregoing reasons the appeal should be sustained, the order appealed from set aside and another entered in its place vacating the writ of *certiorari*.

      *Order set aside and writ of* certiorari *vacated*.

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.